**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



---

PABLO ESTRADA INIGUEZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

---

No. 06-75068

Agency No. A095-316-016

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 3, 2010
Pasadena, California

Before: B. FLETCHER and PAEZ, Circuit Judges, and WALTER, Senior District Judge.[**]

Pablo Estrada Iniguez ("Estrada"), a native and citizen of Mexico, seeks

cancellation of removal on the ground that removal would be an "exceptional and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Donald E. Walter, Senior United States District Judge for the Western District of Louisiana, sitting by designation.

extremely unusual hardship." 8 U.S.C. § 1229b(b)(1)(D). We remand for further proceedings.

The Immigration Judge (IJ) indicated that he found removal to be an exceptional and extremely unusual hardship for Estrada's citizen family members, but declined relief because he found that Estrada was a "smuggler" under 8 U.S.C. § 1182(a)(6)(E)(i). He thus lacked "good moral character," making him ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(B). *See* 8 U.S.C. § 1101(f)(3). On appeal, the Board of Immigration Appeals (BIA) agreed that Estrada lacked "good moral character." Estrada now seeks review of the BIA's decision, arguing that substantial evidence does not support the agency's decision. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and "review for substantial evidence a finding of statutory ineligibility . . . based on a lack of good moral character." *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001).

To qualify as a "smuggler," Estrada must have "*knowingly* . . . encouraged, induced, assisted, abetted or aided" the unlawful entry of Francisco, his Mexican citizen brother, into the United States. 8 U.S.C. § 1182(a)(6)(E)(i) (emphasis added). The only evidence that is more than supposition in the entire record is Estrada's statement that he lent money to his brother upon his brother's request for money to come to this country. But when asked what Francisco did with the

money Estrada lent him, Estrada answered, "Well, he asked me if I could lend him money for him to come to this country, so I don't know." Estrada said, in explicit and unmistakable language — "I don't know" — that he lacked knowledge of how Francisco would use the money to come to the United States. Because the IJ never found Estrada incredible, it was simply contrary to the evidence to find that the element of knowledge was satisfied.

There is no evidence that Estrada knew Francisco would enter or try to enter the country *illegally*. There has been no showing that Estrada knew Francisco would not obtain, let alone not try to obtain, proper documentation before his entry. When asked what he understood at the time of the loan, Estrada's testimony showed that he did not *know* that Francisco would enter the country illegally, and at the time could only speculate. The brothers never spoke about how Francisco would enter.[1]

Substantial evidence does not support the finding that Estrada is a "smuggler" under 8 U.S.C. § 1182(a)(6)(E)(i), and therefore lacks "good moral character" under 8 U.S.C. § 1101(f)(3). Because the IJ concluded that Estrada established the requisite hardship under 8 U.S.C. § 1229b(b)(1)(D), and because

---

[1] Although it does not affect our decision, we note that there is no evidence that Francisco actually used Estrada's money rather than his own to travel to and enter this country.

3

the government did not challenge this determination before the BIA, this issue shall be deemed conclusively established. *Cf. Tokatly v. Ashcroft*, 371 F.3d 613, 618 (9th Cir. 2004). We grant the petition and remand for the agency to determine whether Estrada has satisfied the remaining eligibility requirements for cancellation of removal, and, if so, to exercise its discretion on whether to grant this relief.

**PETITION GRANTED; REMANDED.**

*Estrada Iniguez v. Holder*, No. 06-75068

WALTER, Senior District Judge, dissenting.

I respectfully dissent. Although the record is limited, a review of the available testimony leads me to conclude that the Petitioner had the requisite knowledge that the funds he sent to his brother in Mexico would be used to "aid and abet" his brother's illegal entry into the United States.

Petitioner is eligible for cancellation of removal proceedings only if he carries the burden of demonstrating that, among other things, he has "good moral character." 8 U.S.C. § 1229b(b)(1)(B); 8 C.F.R. § 1240.8. To be of "good moral character" the Petitioner must not be a member of any of the classes of persons referenced by 8 U.S.C. § 1101(f)(3). One such class includes "any alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or try to enter the United States in violation of the law." *Id.* § 1182(a)(6)(E)(i). This class, as defined by the statute, is not limited to the criminal coyote smuggler who profits from human trafficking. It also encompasses any individual who knowingly provides aid or assistance to facilitate an alien's unlawful entrance into the United States, even if the affirmative act is as seemingly minor as providing financial assistance. *See Urzua Covarrubias v. Gonzales*, 487 F.3d 742 (9th Cir. 2007).

There is sufficient evidence in the record to conclude that Petitioner knowingly assisted his brother in illegally entering the United States. During Petitioner's

hearing, he was asked specifically if he knew what his brother planned to do with the money. Petitioner answered, "Well, he asked me if I could lend him money for him to come to this country, so I don't know." The fact that Petitioner conditioned his answer with the phrase "I don't know" does not change the analysis or negate the fact that Petitioner plainly stated that his brother asked him for money to illegally enter the United States.

Petitioner's brother asked for money to help with his crossing, which Petitioner provided. Further, the Petitioner admitted that he knew his brother lacked the proper documents to legally enter the United States. Finally, his brother did in fact arrive in the United States and lived with the Petitioner for some period of time. Based on these facts the Immigration Judge determined, and the BIA affirmed, that Petitioner aided and abetted his brother in illegally entering the United States, making him inadmissible and lacking "good moral character." This Judge cannot say that the record compels a contrary result as substantial evidence supports this factual finding. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). I would deny the petition for review.